```
                                                    FILED
                                                U.S. DISTRICT COURT
                                              EASTERN DISTRICT OF LA

                                                2002 JUN -7 AM 9:27

                                                 LORETTA G. WHYTE
                                                      CLERK
```

**MINUTE ENTRY**
**ROBY, M.J.**
**June 6, 2002**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELLIS McCLELLAN** | **CIVIL ACTION** |
| **VERSUS** | **NO:    00-0342** |
| **HOEGH LINES, ET AL** | **SECTION: "C" (4)** |

On May 28, 2002, the defendant, Leigh Hoegh & Co. Shipping A/S, filed a **Motion to Compel Discovery (doc. #58)**. An expedited hearing on the motion was held with oral arguments via telephone conference call on June 5, 2002. Participating in the hearing were Thomas Discon, representing the plaintiff, Ellis McClellan, and Robert Blackburn, representing the defendant, Leigh Hoegh & Co. Shipping A/S.

The instant motion seeks to compel responses to Interrogatories and Requests for Production of Documents propounded upon the plaintiff. The motion also seeks to compel the plaintiff to submit to an independent medical examination ("IME") by a doctor of the defendants' choosing.

During the hearing, Mr. Blackburn indicated that the parties had resolved the issues involving the Interrogatories and Requests for Production. However, a dispute existed as to the IME. Mr. Blackburn contended that the plaintiff should submit to the IME because Dr. Steiner,

```
DATE OF ENTRY
   JUN - 7 2002
```



an orthopedist retained by the intervenor, Hoegh Duke M/V, will not be available to testify at trial.

He also contended that the defendant has not examined the plaintiff for more than two years. Thus, he contends, there exists good cause to require the plaintiff to submit to an IME.

Mr. Discon opposed the motion contending that the defendant waited until after the deposition of Dr. Steiner and after the deadline for expert reports to make this request. He further contended that the defendant is capable of using the deposition testimony of Dr. Steiner and/or has an opportunity to schedule the videotape deposition of Dr. Steiner to be used at trial.

After listening to the arguments of counsel, the Court concluded that the notice provided the plaintiff for the requested IME was insufficient. The Court also concluded that because the discovery deadlines were in place for some time, the deposition of Dr. Steiner could have easily been scheduled for use at trial. Further, the defendant has not sufficiently established that Dr. Steiner can not testify at trial. Thus, the defendant has failed to provide good cause for the requested IME.

**IT IS THEREFORE ORDERED** that the **Motion to Compel Discovery (doc. #58)** is **DENIED**.

**IT IS FURTHER ORDERED** that the Court Reporter Supervisor is designated as custodian of the cassette tape used to record the telephone conference.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE