

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 24  PM 4: 25

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELLIS McCLELLAN | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 00-0342 |
| HOEGH LINES | * | SECTION: "C" |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | MAGISTRATE: (4) |

### MEMORANDUM IN OPPOSITION TO
### DEFENDANT'S MOTIONS IN LIMINE

**MAY IT PLEASE THE COURT:**

So far this Honorable Court has stricken two of plaintiff's expert witnesses, George Duffy and Dr. Cornelius Gorman. Now that those experts shall not be testifying, defendant now wishes this Honorable Court to dispose of actual factual witnesses. Next, defendant will seek to exclude Ellis McClellan himself.

Defendant does not seek to limit the testimony of Mr. Glover, Mr. Thornton and Mr. Robb, rather defendant wishes to preclude them from testifying completely. For a factual witness to be excluded from any testimony or relevant testimony does not follow any rational basis. Defendant claims to summarize in detail the testimony of Glover, Thornton and Robb. However, defendant does not come close to accurately depicting their testimony or those facts that they were not questioned about. Further, defendant assumes counsel for plaintiff shall poorly question the witnesses similar to defendant's examination in the depositions.

First, Glover, Thornton and Robb have all worked with the ILA as longshoremen in excess of almost a century cumulative. All are familiar with "pre-turn over" inspections and crane inspections when ships first arrive in port when the longshoremen first begin working the subject vessel making port call. All three have worked in "all" longshore positions, including crane operator. All are familiar with other longshoremen suffering from disabilities, some with eye disabilities, who returned to work as longshoremen in various capacities, sometimes different then the pre-disabling capacity of the longshoremen at issue.

Further, all three gentlemen have probably the most in depth experience with Hoegh ships, and more particular, the Philippine crews of the Hoegh vessel. Despite ownership changes, the present owners, like the owner in the past, hired seaman from the Philippines, otherwise known in the industry as "cheaper than cheapest labor." The testimony of these three gentlemen is consistent that since Hoegh Line originally changed from Norwegian crews to Philippine crews the maintenance of the Hoegh vessels has become the least priority. Other subjects said three witnesses may testify include work procedures, physical activities, and exertion required for longshore work, various longshore positions, requirements to be a foreman, and the work abilities and history of Ellis McClellan. Defendant's Motion in Limine as to Glover, Robb and Thornton should be dismissed.

John Theriot is the economist for the plaintiff herein. Defendant believes his testimony should be excluded since defendant believes plaintiff is legally blind and since Theriot's estimates assume continued employment. Defendant assumes that because plaintiff has been referenced to as "legally blind", he can no longer work. Defendant's assumption is incorrect. While plaintiff may not be returning to the longshore occupation as a crane operator, he is not precluded from returning to longshore in other capacities. Furthermore, whether Ellis McClellan would have returned to work

in other capacities than crane operator would have little or no impact on Ellis McClellan's earning ability in the longshore occupation.

Finally, defendant argues that because plaintiff filed for retirement the day after his accident, plaintiff should be precluded from claiming any lost wages from that point forward. First, this argument does not consider that all orthopedic doctors in this case restrict plaintiff from longshore work ever again because of his low back condition. Second, defendant has never asked plaintiff why he filed for retirement the day after his accident. Plaintiff has a very logical reasons and since defendant has never asked, no explanation needs to be given now. Defendant can hear it at trial.

Defendant's Motions in Limine are motions for summary judgement in drag. The motions are frivolous and should be rejected by this Honorable Court.

Respectfully submitted,

DISCON LAW FIRM

BY: _____
THOMAS M. DISCON, T.A. #14219
JOHN G. DISCON, #4961
GREGORY T. DISCON, #22037
424 N. Causeway Blvd., Suite A
Mandeville, Louisiana 70448
Telephone: (985) 674-9748

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing same in the United States Mail, properly addressed and postage prepaid, this 24 day of June, 2002.

_____
THOMAS M. DISCON