FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 26  AM 8:31

LORETTA G. WHYTE
CLERK

COPY IN CHAMBERS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELLIS McCLELLAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0342** |
| **HOEGH LINES** | **SECTION "C"** **JUDGE GINGER BERRIGAN** |
| | **DIVISION (4)** **MAGISTRATE JUDGE** **KAREN WELLS ROBY** |

**MOTION TO EXCLUDE EXPERT TESTIMONY OF**
**JOHN THERIOT**

NOW INTO COURT, comes defendant, who urges this Court to exclude the testimony at trial of expert economist, John Theriot. The basis for this motion, as set forth in defendant's accompanying memorandum, is that the testimony fails to satisfy the criteria set forth by the United States Supreme Court in *Daubert v Merrell Dow Pharmeceuticals, Inc*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Moreover, the economist has premised his calculations on fictional

-1-

assumptions, which also render Mr. Theriot's testimony irrelevant pursuant to Federal Rules of

Evidence Rule 403.

Respectfully submitted:

TERRIBERRY, CARROLL & YANCEY, L.L.P.

DAVID B. LAWTON, T.A. (# 8149)
ROBERT P. BLACKBURN (#24968)
3100 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3100
Telephone:  (504) 523-6451
Attorneys for Leigh Hoegh & Co. Shipping A/S

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all

counsel of record by hand delivery, telefax or by depositing same in the U.S. mail, properly

addressed, postage prepaid, this _21st_ day of June, 2002.

DAVID B. LAWTON
ROBERT P. BLACKBURN

-2-

*UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF LOUISIANA*

| | |
|---|---|
| **ELLIS McCLELLAN** | **CIVIL ACTION** |
| | **NO. 00-0342** |
| **VERSUS** | |
| | **SECTION "C"** |
| **HOEGH LINES** | **JUDGE GINGER BERRIGAN** |
| | **DIVISION (4)** |
| | **MAGISTRATE JUDGE** |
| | **KAREN WELLS ROBY** |

## MEMORANDUM IN SUPPORT OF
## MOTION TO EXCLUDE EXPERT TESTIMONY OF
## JOHN THERIOT

MAY IT PLEASE THE COURT:

This case involves a claim for economic and general damages based on allegations plaintiff, while employed as a T.T.O. crane operator, slipped and fell aboard M/V HOEGH DUKE on February 2, 1999. In an attempt to establish entitlement to past and future lost wages, plaintiff intends to call an expert economist, John Theriot. Defendant contends Mr. Theriot's trial testimony

-1-

should be excluded because the assumptions on which his expert opinions are based lack any factual

foundation and, as a result, his testimony is irrelevant based on Federal Rule of Evidence 403 and

also improper pursuant to Rule 703.

According to Mr. Theriot's report, his economic evaluation makes only one assumption, *viz.*,

that plaintiff, age 65, "will have no future earnings capacity."[1]  This statement, though, does not

acknowledge several other assumptions implicit in Mr. Theriot's calculation of plaintiff's economic

loss.  In truth, Mr. Theriot silently assumes much more than plaintiff is disabled from future work

– he also assumes plaintiff's work-life expectancy at the time of trial is 4.15 years and also that

plaintiff would have been able, and willing, to work as a crane operator from February 2, 1999 to

July 1, 2002 but for the incident alleged.  These silent assumptions are contrary to the facts of the

case.  The potential prejudice to the defendant, should Mr. Theriot be allowed to testify, will

certainly exceed the probative value of his faulty calculations.

Plaintiff was diagnosed as legally blind in the Spring of 1999 by Dr. Ellen Schneider.

Following this initial diagnoses, plaintiff saw at least four other eye care specialists, all of whom

have recognized plaintiff suffers severe vision deficiencies.[2]  Moreover, plaintiff does not contend

his vision problems resulted from the incident.  Despite this unrelated condition, Mr. Theriot

assumes plaintiff would have continued working as a crane operator well into the year 2006.  There

is no factual basis to conclude plaintiff's work-life expectancy as a crane operator is 4.15 years, or

---

[1]Exhibit "A, " at p. 1.

[2]These doctors include Jonathan Calkwood, Robert Balkan, and Joel Sacks.

that plaintiff could have continued working as a crane operator to July 1, 2002. Notably, the Code of Federal Regulations specifically prohibits a longshoreman with severe vision deficiencies from operating machinery during stevedoring operations.[3] The jury, therefore, should not hear Mr. Theriot's estimates as to plaintiff's past and future lost wages.

There are other established facts, in addition to those regarding plaintiff's vision problems, that indicate Mr. Theriot's assumptions are faulty. At about the same time HOEGH DUKE left port on February 3, 1999, plaintiff prepared a notice of retirement which was filed with his pension provider. This document, for no other reason, is relevant to show plaintiff's *intent* not to continue working as a crane operator, or even as a longshoreman. At the time plaintiff noticed his retirement, he had been diagnosed as having a "low back strain." Nevertheless, Theriot has assumed plaintiff would have worked until 2006. Plaintiff also has undergone prostate treatment, which would have at a bare minimum resulted in additional lost work opportunities unrelated to the alleged incident.

In an attempt to legitimate Mr. Theriot's faulty assumptions, defendant anticipates plaintiff will argue that he would have continued working as a longshoreman even though he was prevented from working as a crane operator. Notwithstanding the fact plaintiff retired before he was diagnosed as legally blind, this contention assumes someone legally blind could effectively, or safely, work as a longshoreman.

---

[3] 29 CFR § 1918.98(a)(2) provides:

> "No employee known to have defective uncorrected eyesight or hearing...shall be permitted to operate a crane, winch or other power-operated cargo handling apparatus or a power operated vehicle."

-3-

The Federal Code of Evidence provides two bases to exclude Mr. Theriot's testimony. The first invokes the Court's "gatekeeping role" with regard to the admissibility of expert testimony formulated by Rule 703, and interpreted by <u>Daubert v. Merrell Dow Pharmeceuticals, Inc.</u>,[4] while the second basis involves a relevancy determination prescribed by Rule 403. The Fifth Circuit in <u>Guillory v. Domtar Industries, Inc.</u> held a district court correctly excluded expert testimony tainted by "farce or fiction."[5] Like the present case, the court found the expert's testimony was not premised on any facts in the record. The court wrote:

> "Certainly nothing in Rule 703 requires a court to admit an opinion based on facts that are indisputably wrong. Even if Rule 703 will not require the exclusion of such an unfounded opinion, general principles of relevance will. In other words, an opinion based totally on incorrect facts will not speak to the case at hand and hence will be irrelevant."[6]

The facts of this case clearly indicate Mr. Theriot's economic projections are based on incorrect, and fictional assumptions. In fact, plaintiff's employer would have to violate federal regulations for these assumptions to be realized. These faulty assumptions are clearly designed to overstate massively plaintiff's economic loss, if any. Therefore, defendant prays the Court exclude Mr. Theriot's testimony based on Rules 403 and 702.

---

[4]509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

[5]95 F.3d 1320, 1331 (5th Cir.1996).

[6]<u>Id.</u>, <i>citing</i> <u>Christophersen v. Allied-Signal Corp.</u>, 939 F.2d 1106, 1114 (5th Cir. 1991).

-4-

Respectfully submitted:

TERRIBERRY, CARROLL & YANCEY, L.L.P.

_____
DAVID B. LAWTON, T.A. (# 8149)
ROBERT P. BLACKBURN (#24968)
3100 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3100
Telephone: (504) 523-6451
Attorneys for Leigh Hoegh & Co. Shipping A/S


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all

counsel of record by hand delivery, telefax or by depositing same in the U.S. mail, properly

addressed, postage prepaid, this ____ day of June, 2002.

_____
DAVID B. LAWTON
ROBERT P. BLACKBURN

N \New Files Folder\323\32340\P\MOTION IN LIMINE-ECONOMIST.wpd

-5-