*COPY IN CHAMBERS*

**U.S. FILED  
EASTERN DISTRICT COURT  
DISTRICT OF LA  
2002 JUN 26 AM 8: 31  
LORETTA G. WHYTE  
CLERK**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLIS McCLELLAN<br><br>VERSUS<br><br>HOEGH LINES | CIVIL ACTION<br><br>NO. 00-0342<br><br>SECTION "C"<br>JUDGE GINGER BERRIGAN<br><br>DIVISION (4)<br>MAGISTRATE JUDGE<br>KAREN WELLS ROBY |

### MOTION TO EXCLUDE TESTIMONY OF LONGSHORE WITNESSES, HENRY EARL GLOVER, SR., BOZIE LEE THORNTON, AND GLEN ROBB

NOW INTO COURT, through undersigned counsel, comes defendant, who urges this Court to exclude the testimony at trial of witnesses Henry Earl Glover, Sr., Bozie Lee Thornton, and Glen Robb. The basis for this motion, as set forth in defendant's accompanying memorandum, is that the testimony of these witnesses is not relevant to this case because these prospective witnesses lack any first hand knowledge of the circumstance surrounding plaintiff's allegations. These witnesses are to be called solely to taint the jury by offering their individual, and unsubstantiated, accounts of



unrelated experiences aboard other vessels at other times. As a result defendant prays that each of these witnesses' testimony be excluded *in toto*.

Respectfully submitted:

TERRIBERRY, CARROLL & YANCEY, L.L.P.

_____
DAVID B. LAWTON, T.A. (# 8149)
ROBERT P. BLACKBURN (#24968)
3100 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3100
Telephone: (504) 523-6451
Attorneys for Leigh Hoegh & Co. Shipping A/S

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all counsel of record by hand delivery, telefax or by depositing same in the U.S. mail, properly addressed, postage prepaid, this 21st day of June, 2002.

_____
DAVID B. LAWTON
ROBERT P. BLACKBURN

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELLIS McCLELLAN** | CIVIL ACTION<br><br>NO. 00-0342<br><br>SECTION "C"<br>JUDGE GINGER BERRIGAN<br><br>DIVISION (4)<br>MAGISTRATE JUDGE<br>KAREN WELLS ROBY |
| **VERSUS** | |
| **HOEGH LINES** | |

### MEMORANDUM IN SUPPORT OF
### MOTION TO EXCLUDE TESTIMONY OF
### LONGSHORE WITNESSES, HENRY EARL GLOVER, SR.,
### BOZIE LEE THORNTON, AND GLEN ROBB

MAY IT PLEASE THE COURT:

Plaintiff intends to call Henry Earl Glover, Sr., Bozie Lee Thornton, and Glen Robb, who at one time or another worked with plaintiff as longshoremen. By their own admissions these witnesses have no knowledge of the events of February 2, 1999 aboard HOEGH DUKE.[1] Instead, these

---

[1] The deposition transcripts of Henry Earl Glover, Sr., Bozie Lee Thornton, and Glen Robb are attached as Exhibits "A", "B", and "C", respectively. Specifically, see Exhibit A, at p.9, Exhibit

-1-

witnesses make only vague, unsubstantiated, and prejudicial remarks about the former Hoegh Line vessels generally.

The probative value of this testimony, if any, is outweighed by the prejudice to the defendant should the testimony be allowed. The testimony is calculated to show nothing more than that other vessels had hydraulic leaks at other times, and so there must have been a leak aboard HOEGH DUKE on February 2, 1999. Such testimony is irrelevant to the case at hand.[2]

## Background

A short overview of each longshoreman's testimony is useful to show that the testimony is vague, prejudicial, and irrelevant.

## Henry Glover

Glover retired from ILA 3000 on April 1, 1997, or two years prior to plaintiff's alleged incident. Notably, though, this defendant did not own or operate HOEGH DUKE until after Glover retired. Glover claims that "every time" he worked "the Hoegh Line" there would be oil "everywhere" inside the crane pedestal.[3] When asked if he could recall this occurring on a specific

---

B, at p.10-11, and Exhibit C, at p. 10-11.

[2] See McCormick on Evidence, 4th Edition (1992) §189: "Evidence of negligent conduct of the defendant or his agent on other occasions may reflect a propensity for negligent acts, thus enhancing the probability of negligence on the occasion in question, *but this probative force has been thought too slight to overcome the usual counterweights*." (Emphasis added.)

[3] Exhibit A, at p.16.

occasion, Glover responded "every time."[4] In fact, Glover could not distinguish HOEGH DUKE from any other "Hoegh" vessel on which he may have worked. Glover's testimony in no way bears on the acts or omissions of this defendant because Glover never worked the vessel under its management.

**Bozie Thornton**

Thornton, plaintiff's close personal friend, retired from ILA local 3000 in 1999.[5] Like Glover, Thornton has no specific recollection of ever working aboard HOEGH DUKE.[6] Thornton claims he encountered hydraulic fluid leaking in the crane pedestals of all "Hoegh Line" vessels "every time" he went on board them.[7] The leaks were so bad in fact that Thornton claimed a crane operator needed a "raincoat" to ascend the ladders leading to the crane cab.[8]

Thornton stated that the maintenance aboard the Hoegh Line vessels became a problem in the 1970's and continued to be a problem until his retirement.[9] He had no ability to separate in his mind the lay out, equipment, or condition of the HOEGH DUKE from any other vessel he believed

---

[4]Id.

[5]Exhibit B, at p.10.

[6]Id., at p.13.

[7]Id., at pp. 19-20.

[8]Id.

[9]It is interesting to note Thornton appears to have criticisms of HOEGH DUKE that pre-date the vessel's construction in 1979.

to have been a "Hoegh boat." He admitted he just didn't pay attention to the names of the vessels. Thornton's testimony indicates he was unsure he ever worked HOEGH DUKE in the years it was operated by this defendant.

**Glen Robb**

Robb has worked as a longshoreman the last twenty six years. He continues to work as a union crane operator and claims to have worked HOEGH DUKE last month (May, 2002).[10] HOEGH DUKE had been sold by defendant prior to this time and the vessel had been renamed EDWARD OLDENDORFF by the subsequent operator. Robb too acknowledges he did not pay attention to the vessels' names, but that he recalled only seeing the vessel's first name, "Hoegh."[11] In other respects, Robb's testimony lacks any direct connection to HOEGH DUKE in 1999, or plaintiff's allegations.

**Argument**

Federal Code of Evidence Rule 403 provides that: "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..." Defendant contends the testimony of these longshoremen has little probative value, because the witnesses were not working on February 2, 1999, have no first hand knowledge of the condition of the vessel at the time, cannot be specific about the layout, equipment, or condition

---

[10] Exhibit C, at p. 12.

[11] Id.

-4-

of HOEGH DUKE at any time. One witness (Glover) retired before HOEGH DUKE was operated by the defendant, and another (Robb) claims to have worked HOEGH DUKE after it was sold by defendant and renamed by the subsequent operator. The third (Thornton) admittedly did not pay attention to the names of the vessels on which he worked and was unsure he had worked aboard the vessel during the years it was operated by the defendant.

The danger of unfair prejudice to the defendant is obvious. These witnesses tell stories of alleged hydraulic leaks on unspecified vessels, supposedly over decades. The issue, however, is whether HOEGH DUKE's command had actual knowledge of a defect in Crane No. 4 on February 2, 1999. (It should also be noted that the vessel's cranes underwent an upgrade and overhaul in 1997.) The only relevant inquiry is whether crane No. 4 was leaking on February 2 and 3, 1999 - on this issue these witnesses have nothing probative to offer.

Based on the foregoing, defendant requests the Court exclude the testimony of Henry Earl Glover, Sr., Bozie Lee Thornton, and Glen Robb.

> Respectfully submitted:
>
> TERRIBERRY, CARROLL & YANCEY, L.L.P.
>
> *[signature]*
>
> DAVID B. LAWTON, T.A. (# 8149)
> ROBERT P. BLACKBURN (#24968)
> 3100 Energy Centre
> 1100 Poydras Street
> New Orleans, LA 70163-3100
> Telephone: (504) 523-6451
> Attorneys for Leigh Hoegh & Co. Shipping A/S

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all counsel of record by hand delivery, telefax or by depositing same in the U.S. mail, properly addressed, postage prepaid, this 21st day of June, 2002.

/s/ DAVID B. LAWTON
DAVID B. LAWTON
ROBERT P. BLACKBURN

N:\New Files Folder\323\32340\P\MOTION IN LIMINE-LONGSHOREMEN.wpd

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**