FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 26  AM 8:31

LORETTA G. WHYTE
CLERK

COPY IN CHAMBERS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLIS McCLELLAN<br><br>VERSUS<br><br>HOEGH LINES | CIVIL ACTION<br><br>NO. 00-0342<br><br>SECTION "C"<br>JUDGE GINGER BERRIGAN<br><br>DIVISION (4)<br>MAGISTRATE JUDGE<br>KAREN WELLS ROBY |

### RESPONSE TO PLAINTIFF'S OBJECTIONS
### TO EXHIBITS INTRODUCED BY DEFENDANT

NOW INTO COURT, comes defendant, Leigh Hoegh & Co. Shipping A/S, who responds to plaintiff's objections to exhibits to be introduced by defendant:

**Plaintiff's objections to medical records, Exhibits 19-29**

These documents are admissible as exceptions to hearsay because these are records of regularly conducted activity pursuant to Federal Code of Evidence Rule 803(6). Any statement made by plaintiff in those records is also exempt from hearsay under Rule 803(4). The medical

-1-

records continued in exhibits 19, 26, 27 and 29, all contain explicit provisions identifying the records as falling within Rule 803(b). With respect to the other records there is no reason to conclude they are anything other than contemporaneously prepared business records and, therefore, all of those medical records should be admitted into evidence. It is pointless for the defendant to call as witnesses several doctors, or other office representatives, to introduce those records absent some showing by the defendant that those records reliability is in question. Such a showing cannot be made by plaintiff.

### Plaintiff's objections to stevedore's billing invoices, Exhibit 16

These records are relevant in that they arguably show the stevedore was paid in part due to the hours on the job. As a result, the stevedore would not have suffered pecuniary penalty should it have, in its discretion, terminated stevedoring operations due to an unsafe conditions aboard HOEGH DUKE.

### Plaintiff's objection to the records of plaintiff's intervening accident, Exhibit 17

These documents, which include a statement given by plaintiff, a police report, and records from an emergency room visit are exempt from hearsay. The statement given by plaintiff is not hearsay pursuant to Rule 801(d)(2) and the police report and medical records are exceptions to hearsay pursuant to Rule 803(8) and Rule 803(6), respectively.

### Plaintiff's objections to records of New Orleans Longshore Association, Exhibit 18

We have reviewed plaintiff's objections to Exhibit 18 and the applicable law, and in light of the other exhibits introduced at trial, defendant withdraws its proffer of exhibit 18 only.

Respectfully submitted:

TERRIBERRY, CARROLL & YANCEY, L.L.P.

_____
DAVID B. LAWTON, T.A. (# 8149)
ROBERT P. BLACKBURN (#24968)
3100 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3100
Telephone: (504) 523-6451
Attorneys for Leigh Hoegh & Co. Shipping A/S

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all counsel of record by hand delivery, telefax or by depositing same in the U.S. mail, properly addressed, postage prepaid, this 25th day of June, 2002.

_____
DAVID B. LAWTON
ROBERT P. BLACKBURN

N:\New Files Folder\323\32340\P\Response to plaintiff's objections to exhibits.wpd